UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REZA FARZAN,<br><br>Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING LLC, d/b/a COMMUNITY LOAN SERVICING, *et al.*,<br><br>Defendants. | Civil Action No. 25-50 (RK) (TJB)<br><br>**MEMORADUM ORDER AND<br>ORDER TO SHOW CAUSE** |

**THIS MATTER** comes before the Court upon its *sua sponte* review of the docket; two motions, one to dismiss and one for default judgment; and one letter request to vacate the default. *Pro se* Plaintiff Reza Farzan ("Plaintiff") filed a Motion for Default Judgment as to U.S. Bank National Association ("U.S. Bank"). (ECF No. 27.) Defendants Bayview Loan Servicing LLC ("Bayview"); Fein, Such, Kahn, & Shepard PC; and National Mortgage LLC filed a Motion to Dismiss the Complaint. (ECF No. 28.) U.S. Bank also moved to vacate the default. (ECF No. 26.) Having carefully considered the parties' submissions, the Court reaches its decision without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, U.S. Bank's Request to Vacate Default (ECF No. 26) is **GRANTED**, Plaintiff's Motion for Default Judgment (ECF No. 27) is **DENIED** as moot, Defendants' Motion to Dismiss (ECF No. 28) is administratively terminated, and the Court issues an **ORDER TO SHOW CAUSE**.

   **I.   Background**

   *Pro se* Plaintiff Reza Farzan is a serial litigant. This dispute, just as the many before it, arises out of a foreclosure on Plaintiff's property. On or about February 14, 2005, Plaintiff executed

a mortgage in the amount of $359,650.00 on the subject property. *See Farzan v. J.P. Morgan Chase Bank N.A.*, No. 19-5156, 2019 WL 6339847, at *1 (D.N.J. Nov. 27, 2019). In May 2016, Defendant Bayview initiated a foreclosure action against Plaintiff in the Superior Court of New Jersey. *Id*. The state court ultimately found in favor of Bayview. *Id*. Plaintiff filed numerous motions to avert the foreclosure proceedings, but all were denied. *Id*. Since then, Plaintiff has filed for bankruptcy numerous times and has filed a myriad of actions in federal court, state court, and bankruptcy court—all attempting to thwart the effects of the foreclosure proceeding. The Court's October 15, 2024 Opinion in a different case involving the Plaintiff chronicles many of the court decisions relating to the same subject matter. See *Farzan v. Chapter 13 Tr.*, No. 23-23269, 2024 WL 4491228, at *1 n.3 (D.N.J. Oct. 15, 2024).

Moreover, Plaintiff has a pending Bankruptcy Appeal before the Court, involving virtually the same parties and the same underlying foreclosure. (*Farzan v. Chapter 13 Trustee*, No. 24-9116 (D.N.J.) ("Bankruptcy Appeal").) In the Bankruptcy Appeal alone, Plaintiff has brought six motions, including one pursuant to the same statute as the sole claim in this action: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. (*Compare* ECF No. 1, *with* Bankruptcy Appeal, ECF No. 8.) Of the six motions filed by Plaintiff, two remain pending.

Here, Plaintiff's Complaint brings one claim under the FDCPA for "false or misleading representations," "harassment or abuse," and "unfair practices." (ECF No. 1 at 3.) Plaintiff lodges a myriad of allegations against Defendants including "falsely represent[ing] the amount of debt," use of "abusive methods," "forged documents and false pleadings in the state Foreclosure court . . . [and] false Proof of Claims in the [Bankruptcy Court]," and "attempt[s] to collect unauthorized fees not permitted by law." (*Id*.) The Court now turns to matters at issue herein.

**II.     Default as to U.S. Bank**

The Court first addresses Defendant U.S. Bank's request to vacate the default, which the Court interprets as a motion to vacate. U.S. Bank was served in connection with this action on February, 13, 2025. (ECF No. 8 at 6.) On March 12, 2025, Plaintiff sought, and the clerk entered, default as to U.S. Bank. (ECF No. 18; Docket Entry dated March 12, 2025.) Following that, on the same day, U.S. Bank requested to vacate the Clerk's entry of default. (ECF Nos. 19, 26.) Five days later, Plaintiff filed a Motion for Default Judgment as to U.S. Bank. (ECF No. 17.)

When vacating default is sought concurrently with the opposition seeking default judgment, courts in this District evaluate the request to vacate first. *See A.S. v. Plainfield Bd. of Educ.*, No. 20-8495, 2021 WL 2075854, at *2 (D.N.J. May 21, 2021). A court may vacate a clerk's entry of default for "good cause." Fed. R. Civ. P. 55(c). The Third Circuit has instructed courts to weigh three factors when exercising its discretion to determine whether good cause exists under Federal Rule of Civil Procedure 55(c): "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (internal quotation marks and citation omitted). Overall, the Third Circuit's guidance makes clear a preference, when appropriate, to allow matters to proceed on the merits, thus disfavoring defaults. *See, e.g., In re Bressman*, 874 F.3d 142, 153 (3d Cir. 2017) (citation omitted). All three factors for "good cause" are met here.

First, the delay here was essentially nonexistent as U.S. Bank moved to vacate the clerk's entry of default on the same day it was entered. (ECF Nos. 19, 26.) Notwithstanding, delay alone is insufficient to constitute prejudice. Rather, prejudice occurs when a plaintiff is harmed through loss of evidence, or increased potential for fraud or collusion. *See Paris v. Pennsauken Sch. Dist.*,

No. 12-7355, 2013 WL 4047638, at *3 (D.N.J. Aug. 9, 2013). There is no basis—nor has Plaintiff provided any—to find that the requisite level of prejudice is present here. (*See* ECF No. 25.) Thus, the first factor heavily favors U.S. Bank.

Second, U.S. Bank asserts it has meritorious defenses as it alleges Plaintiff's claims are barred because they were previously litigated in other courts. (ECF No. 26 at 4.) The burden of proffering a meritorious defense is not an onerous one. *See Transamerica Com. Fin. Corp. v. D & A Marine, Inc.*, No. 89-3978, 1990 WL 10346, at *1 (D.N.J. Jan. 17, 1990). Only a showing that the defenses are "litigable" is required, not that they would necessarily prevail at trial. *See Cunningham v. Speeding Moving Co., LLC*, No. 23-551, 2023 WL 4267645, at *2 (D.N.J. June 29, 2023) (citation omitted). As discussed *infra*, the Court finds that a defense based on the Complaint being barred by *res judicata* or the Entire Controversy Doctrine to be, at a minimum, "litigable" given the many lawsuits Plaintiff has already brought relating to the same foreclosure action. These doctrines serve to bar a plaintiff from litigating or relitigating claims that were previously brought or could have been brought in a prior action. Therefore, this factor also heavily favors U.S. Bank.

Finally, "[t]he third factor considers whether a defendant is culpable in the default—*i.e.*, whether the defendant 'acted willfully or in bad faith.'" *Parra v. Delia's Rest. LLC*, No. 21-10645, 2023 WL 2917302, at *2 (D.N.J. Apr. 12, 2023) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). As to this factor, "[m]ore than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown." *Westpark Elecs. LLC v. EDealer LLC*, No. 22-4327, 2023 WL 157582, at *3 (D.N.J. Jan. 11, 2023) (citation omitted). Here, U.S. Bank asserts that the delay resulted from Plaintiff's improper service and that a corporation's delay in answering is not generally due to

4

culpable conduct. (ECF No. 26 at 4 (citing *Nyholm v. Pryce*, 259 F.R.D. 101, 106 (D.N.J. 2009)).) Without considering whether service was properly effectuated or not, there is nothing here that indicates default was the result of gross neglect or any willful conduct. In any event, U.S. Bank acted promptly to vacate default. The Court finds this factor also heavily favors vacating the default.

Thus, for the foregoing reasons, U.S. Bank's Request to Vacate Default (ECF No. 26) is **GRANTED**. Plaintiff's Motion for Default Judgment (ECF No. 27) is, thus, **DENIED** as moot.

### III.    ORDER TO SHOW CAUSE

On numerous occasions, the Third Circuit has found Plaintiff Reza Farzan's claims to be barred by New Jersey's Entire Controversy Doctrine or *res judicata*. *In re Farzan*, No. 24-1236, 2025 WL 100798, at *2 (3d Cir. Jan. 15, 2025); *Farzan v. J.P. Morgan Chase Bank, N.A.*, No. 19-3925, 2022 WL 17336211, at *2 (3d Cir. Nov. 30, 2022); *In re Farzan*, No. 21-1334, 2021 WL 4075750, at *2 (3d Cir. Sept. 8, 2021). Other courts in this District have found the same. *Farzan v. Nationstar Mortg. LLC*, No. 23-1234, 2024 WL 263963, at *5 (D.N.J. Jan. 24, 2024); *Farzan v. Cleary*, No. 19-705, 2023 WL 35881, at *4 (D.N.J. Jan. 4, 2023). Upon review of the Complaint, this action—like the many before it—appears to be subject to preclusion under the very same doctrines because it is, yet again, another effort to avoid the same foreclosure action.

The Supreme Court has recognized a court's power to raise *res judicata* issues on its own. *Herrera v. Wyoming*, 587 U.S. 329, 348 n.5 (2019) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see also Reaves v. Pennsylvania Bd. of Prob. & Parole*, 580 F. App'x 49, 54 (3d Cir. 2014) (approving of the district court's *sua sponte* consideration of preclusion); *see also Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007) (*sua sponte* consideration of preclusion "avoids the burden of twice defending an action and unnecessary judicial waste" (citing *Arizona*, 530 U.S.

at 412)). A court is particularly empowered to raise it on their own they are "on notice that it has previously decided the issue presented." *Ciarrocchi v. Kennedy Mem'l Hosp.*, 378 F. App'x 239, 241 (3d Cir. 2010).

While the Court declines to dismiss the case outright today, it will follow other courts in this District and issue an Order to Show Cause ("OSC") as to why the Court should not dismiss this action pursuant to *res judicata* or the Entire Controversy doctrine.[1] *See e.g., Colley v. SEPTA*, No. 20-5794, ECF No. 29 (D.N.J. October 31, 2022); *Gage v. Provenzano*, No. 14-5700, ECF No. 9 (D.N.J. November 24, 2014); *James v. Walls*, No. 07-842, ECF No. 3 (D.N.J. February 26, 2007).

The Court further notes that in situations involving repeated frivolous litigation, courts may issue a filing injunction against a plaintiff.[2] The *pro se* Plaintiff is put on notice that if frivolous litigation involving the same subject matter continues, a filing injunction may be warranted. The Court takes judicial notice of the temporary filing injunction already imposed against the Plaintiff in the Bankruptcy Court for bad faith filings. *In re Farzan*, No. 23-18292, ECF No. 102 (Bankr. D.N.J. April 25, 2024).[3] It is hard to describe Plaintiff as anything other than an abusive litigant,

---

[1] For the benefit of the *pro se* Plaintiff, the Court provides a brief overview of potential doctrines implicated: (i) *Res Judicata* (*also known as claim preclusion*): "[P]recludes parties from contesting matters that they have had a full and fair opportunity to litigate." *In re Smith*, 102 F.4th 643, 651 (3d Cir. 2024) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979) (internal citation omitted)); and

(ii) *Entire Controversy Doctrine*: Like *res judiciata*, but more preclusive. *See Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 105 F.4th 67, 82 n.13 (3d Cir. 2024). "[R]equires a party to bring in one action all affirmative claims that it might have against another party . . . or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 885 (3d Cir. 1997).

[2] The "federal court system is not a playground" for "recreational litigant[s]," i.e., those "who engage[]in litigation as sport and file[] numerous complaints with little regard for substantive law or court rules." *Copeland v. Twp. of Bellmawr*, No. 17-12104, 2021 WL 4438125, at *2 (D.N.J. Sept. 28, 2021) (internal quotation marks and citation omitted). A district court has authority under the All Writs Act, 28 U.S.C. § 1651(a), to restrict the filing of meritless cases by a serial litigant. *See id.*

[3] This filing injunction is one of the issues on appeal in the Bankruptcy Appeal before the Undersigned. (*See* Bankruptcy Action, ECF No. 10, at 41, 65.)

serially filing repetitive lawsuits on matters adjudicated against him over and over, designed for the sole apparent purpose to harass, delay, and obstruct the administrative of justice.

IV.     **Case Management**

In invoking its inherent powers to manage its own docket and in the interest of judicial economy, the Court will administratively terminate the pending Motion to Dismiss docketed at ECF No. 28. *See, e.g. Discover Bank v. Greenwood House Home for the Jewish Aged*, No. 18-16020, 2020 WL 2839462, at *5 (D.N.J. May 29, 2020). The Court will also stay all deadlines unrelated to the Order to Show Cause, until the Court issues a decision on the same. Following the OSC decision, Defendants will have an opportunity to reinstate the Motion to Dismiss (ECF No. 28) or file a new one. The remaining Defendants will then have an opportunity to Answer or otherwise respond to the Complaint.

The Court having reviewed the record, and for good cause shown, **IT IS HEREBY:**

**ORDERED** that Defendant U.S Bank's Request to Vacate Default (ECF Nos. 19, 26) is **GRANTED**;

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 27) is **DENIED** as moot;

**ORDERED** that Plaintiff Reza Farzan show cause by Monday, April 14, 2025, in a filing of no more than ten (10) double-spaced pages, as to why the Court should not dismiss this action pursuant to the New Jersey's Entire Controversy doctrine or *res judicata*;

**ORDERED** that all Defendants[4] are directed to respond, in a filing of no more than ten (10) double-spaced pages, within twenty-one (21) days of the filing of Plaintiff's OSC filing;

---

[4] The Court notes that, in some cases, multiple Defendants are represented by the same counsel; in those circumstances, one response on behalf of multiple Defendants is sufficient.

**ORDERED** that the Clerk of the Court is to **ADMINISTRATIVELY TERMINATE** the Motion to Dismiss (ECF No. 28);

**ORDERED** that the time for Defendants to answer or otherwise respond to the Complaint, is stayed pending the decision on this Order to Show Cause.

**SO ORDERED** on this 24th day of March, 2025.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**