NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| REZA FARZAN,<br><br>Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING LLC, *et al.*,<br><br>Defendants. | Civil Action No. 25-50 (RK) (TJB)<br><br>**OPINION** |

**THIS MATTER** comes before the Court upon the parties' responses to the Court's Order to Show Cause (ECF No. 29). On March 25, 2025, the Court issued an order to show cause as to why the Court should not dismiss the Complaint (ECF No. 1, "Compl.") pursuant to preclusion doctrines. (ECF No. 29 at 6.) Plaintiff Reza Farzan ("Plaintiff" or "Farzan") responded (ECF No. 31) and later replied (ECF No. 38).[1] Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") and U.S. Bank National Association ("U.S. Bank") filed a joint memorandum in response, (ECF No. 32); Defendant Friedman Vartolo, LLP ("Freidman") filed a memorandum in response, (ECF No. 35); Defendants Bayview Loan Servicing LLC ("Bayview"); Fein, Such, Kahn, & Shepard PC ("Fein"); and Nationstar Mortgage LLC ("Nationstar"), filed a joint memorandum in response (ECF No. 36).

Plaintiff also filed a Motion to Strike Improper Appearances (ECF No. 42, the "Motion to Strike"), to which Defendant Friedman filed an opposition (ECF No. 50), and Defendants Fein, Bayview, and Nationstar also filed a joint opposition (ECF No. 49). Plaintiff replied. (ECF Nos.

---

[1] Although Plaintiff's reply (ECF No. 38) was not expressly permitted by the Court's Order to Show Cause (ECF No. 29), the Court opted not to "reject his filing at ECF No. 38." (ECF No. 40.)

51, 52.) Plaintiff filed a letter seeking to remove his state foreclosure proceedings (ECF No. 47) and NewRez and U.S. Bank opposed (ECF No. 48).

Plaintiff further filed a Motion for a Temporary Restraining Order and a Preliminary Injunction. (ECF No. 43.) Defendants Fein, Bayview, and Nationstar filed a joint opposition (ECF No. 54), as did Defendants NewRez and U.S. Bank (ECF No. 56). Plaintiff filed a reply to each (ECF Nos. 55, 59).

Defendant Friedman filed a Motion to Strike Plaintiff's Reply and Other Filings or for Leave to Respond (ECF No. 58, "Friedman's Motion to Strike") which Plaintiff opposed (ECF No. 60). Plaintiff later filed a Motion to Vacate the appearance of Defendant Friedman in the state court action (ECF No. 61, "Motion to Vacate"), to which Defendant Friedman filed a Motion for Extension of Time to File a Response (ECF No. 62).

The Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Complaint (ECF No. 1) is **DISMISSED**; Plaintiff's Motion to Strike (ECF No. 42) is **DENIED**; Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 43) is **DENIED**; Friedman's Motion to Strike (ECF No. 58) is **DENIED** as moot; Plaintiff's Motion to Vacate (ECF No. 61) is **DENIED**; and Friedman's Motion for Extension of Time to File a Response (ECF No. 62) is **DENIED** as moot.

## I.    BACKGROUND

*Pro se* Plaintiff Reza Farzan is a serial litigant, whose tortured history with the defendants in this action "goes back nearly two decades." *Farzan v. Nationstar Mortgage LLC*, Nos. 23-1234 & 23-2424, 2024 WL 263963, at *2 (D.N.J. Jan. 24, 2024). This dispute, just as the many before it, arises out of a foreclosure on Plaintiff's property, initiated through a state court case in 2016,

and ordered by a final judgment for foreclosure in 2019. As the Court noted in a recent decision relating to the same property, Farzan has litigated issues relating to the subject property in at least thirteen federal actions in the United States District Court for the District of New Jersey, six times in the United States Court of Appeals for the Third Circuit, and three times in the United States Bankruptcy Court for the District of New Jersey. *See Farzan v. Chapter 13 Tr.*, No. 24-09116, 2025 WL 1672042, at *2 (D.N.J. June 12, 2025).[2]

Indeed, Farzan has been seemingly "undeterred" by the many judicial decisions entered against him, continuously filing "complaints, appeals, dismissal motions, motions to stay, motions to vacate, and motions for reconsideration" in state and federal actions alike. *See Farzan v. Nationstar Mortgage LLC*, 2024 WL 263963, at *3. Furthermore, notwithstanding that a final judgment of foreclosure was entered against him in 2019, and he has lost three appeals in the New Jersey Appellate Division, *see Bayview Loan Servicing v. Farzan*, No. A-2787-22 & A-789-23, 2024 WL 4717985 (N.J. Sup. Ct. App. Div. Nov. 8, 2024); *Bayview Loan Servicing, LLC v. Farzan*, No. A-2336-21, 2023 WL 3863268 (N.J. Sup. Ct. App. Div. June 7, 2023), *cert. denied*, 322 A.3d 1275, 1275 (N.J. 2024), Plaintiff still resides in the subject home, a byproduct of his unrelenting campaign of litigation and obstruction.[3] The Court focuses only on the relevant

---

[2] The thirteen actions are: *Farzan v. Bayview Loan Servicing LLC*, No. 25-50 (D.N.J.); *Farzan v. Chapter 13 Trustee*, No. 24-9116 (D.N.J); *Farzan v. Chapter 13 Trustee & JP Morgan Chase Bank*, No. 24-323 (D.N.J.); *Farzan v. Chapter 13 Trustee & JP Morgan Chase Bank*, No. 23-23269 (D.N.J.); *Farzan v. Bayview Loan Servicing LLC*, No. 23-2424 (D.N.J.); *Farzan v. Nationstar Mortgage, LLC*, No. 23-1234 (D.N.J.); *Farzan v. Bayview Loan Servicing LLC*, No. 22-3312 (D.N.J.); *Farzan v. Bayview Loan Servicing LLC*, No. 20-7134 (D.N.J.); *Farzan, et al. v. Bayview Loan Servicing LLC*, No. 20-7135 (D.N.J.); *Farzan v. Bayview Loan Servicing LLC*, No. 20-3330 (D.N.J.); *Farzan v. J.P. Morgan Chase Bank N.A.*, No. 19-5156 (D.N.J.); *Farzan. v. Cleary*, No. 19-705 (D.N.J.); *Bayview Loan Servicing LLC v. Farzan*, No. 17-1796 (D.N.J.).

[3] The Court takes judicial notice of Monmouth County's records of real property ownership accessible through their "Open Public Search System." *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (taking judicial notice of public information on government website). As of June 12, 2025, Monmouth County's records identify Farzan as the owner of the subject property located at 23 Twin

background here and will not repeat the Plaintiff's litigation history again, which has been done *ad nauseum* by this Court and others. *See, e.g., Farzan v. Chapter 13 Tr.*, 2025 WL 1672042, at *2.

Plaintiff's seven-paged Complaint brings a single claim under the Fair Debt Collection Practices Act ("FDCPA") for a "continuous and ongoing pattern of misconduct" since February 2014 relating to his defaulted mortgage debt. (Compl. at 6.)[4] Allegedly, defendants repeatedly used misrepresentations, fraudulent documents, and unfair debt collection practices in ultimately foreclosing on his home. (*Id.*)

Although styled as a single claim, Plaintiff invokes three separate provisions of the FDCPA. *First,* various defendants purportedly misrepresented the amount of Plaintiff's debt in contravention of 15 U.S.C. § 1692e (false or misleading representations). (*Id.* at 3.) *Second,* under 15 U.S.C. § 1692d (harassment or abuse), Plaintiff alleges that Defendants used "abusive methods" including Bayview's filing for foreclosure in May 2016 based on "forged" documents and "false pleadings" in the state foreclosure proceedings and the filing of false proof of claims in the Bankruptcy Court. (*Id.*) *Third,* Plaintiff accuses Defendants of "attempt[ing] to collect unauthorized fees not permitted by law" in violation of 15 U.S.C. § 1692f (unfair practices). (*Id.*)

According to the Complaint and documents incorporated therein, Plaintiff's mortgage was subsequently transferred to various parties, which the Court notes is quite common in the industry. The mortgage was originated by non-party American Mortgage Network Inc. (Compl. at 3–4) and assigned to non-party Chase Home Finance LLC ("Chase") in March 2009. (ECF No. 1-2). Chase

---

Terrace, Holmdel, NJ 07733. *See* https://www.monmouthcountyclerk.com/county-clerk/recordings/real-property-recordings (last visited June 12, 2025).

[4] All documents are cited to the page numbers listed in the automatically generated ECF header.

sold the debt to Bayview in February 2014, who filed for foreclosure on the $596,488.17 mortgage debt in May 2016. (Compl. at 3.) In June 2022, Bayview assigned the mortgage debt to Nationstar (*id.* at 4), who, in December 2023, sold it to U.S. Bank with NewRez as the servicer. (*Id.* at 5.) Against that backdrop, the Court summarizes the allegations against specific Defendants.

### A.    ALLEGATIONS AGAINST SPECIFIC DEFENDANTS

#### 1. Fein & Friedman (Law Firm Defendants)

The threadbare allegations against Fein involve its role as counsel to Bayview and Nationstar. Plaintiff alleges that Fein filed motions to dismiss Plaintiff's adversary proceedings and filed objections to proof of claims in the Bankruptcy Court using "forged" documents. (*Id.*) Plaintiff further alleges that Fein ignored the cease-and-desist letter he sent to Fein as counsel to Bayview and Nationstar. (*Id.*) The allegations against Friedman are even more barebones: Plaintiff alleges that Friedman represented U.S. Bank and NewRez in the Bankruptcy Court and in the District Court. (*Id.*)

#### 2. Bayview

Plaintiff alleges that both the assignment of the mortgage to Chase in February 2009 and the assignment to Bayview in February 2014 were "forged." (*Id.* at 4.) He then accuses Bayview of forging his signature on a Home Affordable Modification Agreement ("HAM") executed in January 2016. (*Id.*; *see* ECF No. 1-12.) According to the Complaint, the state court foreclosure complaint filed in May 2016 used forged and unauthenticated documents, and the related foreclosure summary judgment in March 2017 was obtained through fraudulent documents. (Compl. at 4.) Finally, Plaintiff alleges that Bayview filed a false proof of claim and erroneously claimed that Plaintiff was in default in the Bankruptcy Court. (*Id.*)

3. Nationstar

Plaintiff avers that Nationstar "misrepresented" its ownership in the property, "ignored" his June 27, 2022 "debt validation request," and has no foreclosure judgment against Plaintiff's property. (*Id.*) Plaintiff further alleges that Nationstar lodged objections and filed a "false" proof of claim in the Bankruptcy Court. (*Id.*)

4. U.S. Bank & NewRez

After U.S. Bank and NewRez received the mortgage in December 2023, Plaintiff alleges that U.S. Bank and NewRez ignored a "Qualified Written Request" he sent them in January 2024. (*Id.* at 5.) He further alleges that U.S. Bank tried to collect on the debt, which he claims is prohibited under the FDCPA. (*Id.*)

NewRez allegedly sent monthly mortgage statements "without validation" and "[t]hreatened" Plaintiff with insurance-related letters (*id.*), particularly a letter in March 2024 indicating that he had not purchased the required hazard insurance. (ECF No. 1-5.) Finally, Plaintiff takes issue with NewRez's filing of objections and motions in proceedings before the Bankruptcy Court and District Court. (Compl. at 5.)

For the foregoing allegations, Plaintiff requests actual damages, statutory damages, and attorney's fees. (*Id.* at 7.)

**B.    PRIOR DECISIONS**

In October 2019, Plaintiff filed an adversary complaint against Bayview and its law firm in Bankruptcy Court. *See In re Farzan*, No. 21-1334, 2021 WL 4075750, at *1 (3d Cir. Sept. 8, 2021) (per curiam) (describing Plaintiff's litigation history). The Bankruptcy Court dismissed the complaint, "concluding that the action was barred by the *Rooker-Feldman* doctrine." *Id.* The District Court affirmed. In September 2021, the Third Circuit affirmed but indicated that New Jersey's preclusion rules—rather than *Rooker-Feldman*—were more applicable. *See id.* ("We

question whether Farzan's claims are truly barred by the *Rooker-Feldman* doctrine. However, the claims are barred by New Jersey's preclusion rules." (footnote omitted))

In November 2022, the Third Circuit, once again, affirmed a district court's decision to dismiss Farzan's complaint bringing claims relating to the state foreclosure proceedings. *See Farzan v. J.P. Morgan Chase Bank, N.A.*, No. 19-3925, 2022 WL 17336211, at *2 (3d Cir. Nov. 30, 2022) (per curiam). Despite affirming the district court's decision, the Third Circuit again disagreed with its reliance on the *Rooker-Feldman* doctrine, instead asserting that *res judicata* and the entire controversy doctrine were a better fit. *See id.* at *1–2.

For the third time, in January 2025, the Third Circuit affirmed a lower court's dismissal of Farzan's complaint pertaining to the state foreclosure proceedings on the basis of *res judicata* and the entire controversy doctrine. *See In re Farzan*, Nos. 24-1236 & 24-1237, 2025 WL 100798, at *2 (3d Cir. Jan. 15, 2025) (per curiam).

## C.    PROCEDURAL HISTORY

Plaintiff filed his Complaint on January 2, 2025. (Compl.) On March 25, 2025, the Court issued an order to show cause as to why Court should not dismiss this action pursuant to *res judicata* or the entire controversy doctrine. (ECF No. 29.) Plaintiff filed a response on April 14, 2025. (ECF No. 31.) Defendants NewRez and U.S. Bank filed a consolidated response on April 30, 2025. (ECF No. 32.) Defendant Friedman filed a response on May 1, 2025. (ECF No. 35.) Defendants Bayview, Nationstar, and Fein filed a consolidated response on May 5, 2025. (ECF No. 36.) Plaintiff filed a "Consolidated Rebuttal to Defendants' Responses" on May 12, 2025 (ECF No. 38), which Defendant Friedman sought to have rejected as impermissible (ECF No. 39). The Court, in an exercise of discretion, and "afford[ing] *pro se* Plaintiff the benefit of the doubt," declined to reject Farzan's response. (ECF No. 40.)

Since then, over the course of mere weeks, the parties have engaged in a flurry of motion practice and briefing, led by unrelenting filings from Plaintiff. On July 29, 2025, Plaintiff filed a Motion to Strike (ECF No. 42), to which Friedman responded (ECF No. 50) and Plaintiff replied (ECF No. 51). On August 5, 2025, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 43) which this Court adjourned to September 15 due to the Sheriff's Sale scheduled for September 29, 2025. (ECF No. 45.) Bayview, Fein, and Nationstar (ECF No. 54) as well as NewRez and US Bank (ECF No. 56) opposed Plaintiff's Motion, and Plaintiff filed a reply to each (ECF Nos. 55, 59).

Plaintiff also sought to remove a pending state court action—first filed in 2016—to this Court by simply filing a letter on the docket with the state court filings attached thereto. (*See* ECF No. 47.) NewRez and U.S. Bank opposed this attempt. (ECF No. 48.) On September 4, 2025, Freidman filed a Motion to Strike Plaintiff's August 22 and September 3 filings (ECF No. 58), which Plaintiff opposed. (ECF No. 60.) On September 8, 2025, Plaintiff filed a Motion to Vacate (ECF No. 61), which has not yet met any opposition. Finally, on September 11, 2025, Friedman filed a Motion for Extension of Time to File a Response. (ECF No. 62.)

The Court now wades through the many motions and filings, resolving each and dismissing this case.

## II.    **LEGAL STANDARD**

District courts have the power to raise preclusion doctrines *sua sponte* in certain circumstances. *Herrera v. Wyoming*, 587 U.S. 329, 348 n.5 (2019) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see also Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 & n.1 (3d Cir. 2014) (approving of the district court's *sua sponte* consideration of preclusion and collecting cases holding same); *Pasqua v. Cnty. of Hunterdon*, No. 15-3501, 2017 WL 5667999,

at *8 n.10 (D.N.J. Nov. 27, 2017) (collecting cases). The Supreme Court has explained that "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised." *Arizona*, 530 U.S. at 412 (internal quotation marks omitted). As an alternative to an outright *sua sponte* dismissal, courts in this District routinely provide parties an opportunity to show cause. *See, e.g., Colley v. SEPTA*, No. 20-5794, ECF No. 29 (D.N.J. Oct. 31, 2022); *Gage v. Provenzano*, No. 14-5700, ECF No. 9 (D.N.J. Nov. 24, 2014); *James v. Walls*, No. 07-842, ECF No. 3 (D.N.J. Feb. 26, 2007).

## III.    DISCUSSION

### A.    PLAINTIFF'S COMPLAINT

On March 25, 2025, the Court issued an Order to Show Cause ("OSC") as to why Plaintiff's Complaint should not be dismissed pursuant to a variety of preclusion doctrines, including the entire controversy doctrine. (ECF No. 29.) In response to the Court's OSC, Farzan makes four core arguments. (*See generally* ECF No. 31.)[5]

*First*, Plaintiff states that neither res judicata nor the entire controversy doctrine bars the claims at issue because they are based on allegations that arose after the foreclosure judgment. (*Id.* at 5–8.) *Second*, although Plaintiff acknowledges that the FDCPA has a one-year statute of limitations period, he nevertheless contends that the continuing violations doctrine tolls the statute of limitations period because the allegations are "ongoing and independent of any prior foreclosure judgment." (*Id.* at 6.)

*Third*, Plaintiff argues that he plausibly alleges FDCPA claims because the Complaint "describes forged assignments of mortgage (Exhibits A, B), fabricated affidavits (Exhibit C), and

---

[5] Only two of the arguments address the preclusion doctrines raised by the Court in the Order to Show Cause.

false claims of debt ownership." (*Id.* at 5.) While failure-to-state-a-claim issues are not ripe at this posture, the Court is skeptical that the purported forged and fraudulent documents could sufficiently serve as a basis to state a claim.

*Fourth*, Plaintiff asserts that *Rooker-Feldman* does not apply because "[t]his case is not a collateral attack on a state court judgment"; rather it "alleges independent wrongdoing . . . in violation of the FDCPA." (*Id.* at 7.)

### 1. Entire Controversy Doctrine

Federal courts are bound by the entire controversy doctrine, a long-standing New Jersey law principal. *See Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015). Described as a "blood relative" of *res judicata*, *id.* (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997), it "encapsulates the state's longstanding policy judgment that 'the adjudication of a legal controversy should occur in one litigation in only one court,'" *id.* (quoting *Cogdell v. Hosp. Ctr. at Orange*, 560 A.2d 1169, 1172 (N.J. 1989); *see also Del Priore v. Sabo*, No. 19-17806, 2020 WL 1485895, at *7 (D.N.J. Mar. 27, 2020) (noting *res judicata* tends to be "subsumed" by the entire controversy doctrine). The Court of Appeals for the Third Circuit recently described the doctrine as "New Jersey's mandatory claim and counterclaim joinder rule that requires parties to bring all claims and counterclaims that 'arise from related facts or the same transaction or series of transactions.'" *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 105 F.4th 67, 82 n.13 (3d Cir. 2024) (quoting *Bank Leumi USA v. Kloss*, 233 A.3d 536, 540 (N.J. 2020)); *accord* N.J. Ct. R. 4:30A. It applies and bars a party's subsequent suit so long as (1) "the claims against the different parties arise from related facts or the same transaction," *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995), (2) the first proceeding produced a final judgment, *Rycoline Prods., Inc.*, 109 F.3d at 888–89, and (3) the party had "a fair and reasonable opportunity to have fully litigated that claim

in the original action," *Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015) (quotation omitted). Unsurprisingly, the doctrine "does not apply to unknown or unaccrued claims." *Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C.*, 203 A.3d 133, 138 (N.J. 2019) (quotation omitted). Under the doctrine, "claims or defenses that go to 'the validity of the mortgage, the amount due, or the right of [the mortgagee] to foreclose' must be raised in the foreclosure proceeding or they are forever barred." *Ojo v. Hudson Cnty. Sav. Bank FSB*, No. 21-2840, 2022 WL 4820371, at *2 (3d Cir. Oct. 3, 2022) (alteration in original) (quoting *Delacruz v. Alfieri*, 145 A.3d 695, 708 (N.J. Super. Ct. App. Div. 2015)) (affirming dismissal of seventeen causes of actions, including three FDCPA claims, under entire controversy doctrine).

Here, each element is met as to the allegations against Defendant Bayview. *First*, all of the allegations "arise from related facts or the same transaction"—*i.e.*, the foreclosure of Plaintiff's property in 2019. *See DiTrolio*, 662 A.2d at 502. *Second*, the foreclosure proceeding indeed produced a final judgment—a grant of summary judgment on March 3, 2017 (*see* Compl. at 4), and the entry of the foreclosure judgment in 2019, *see In re Farzan*, 2025 WL 100798, at *2. *See also Rycoline Prods., Inc.*, 109 F.3d at 888–89.

*Third*, Plaintiff had a "fair and reasonable opportunity to have fully litigated" each of the allegations that he now brings in his Complaint. *See Wadeer*, 110 A.3d at 27 (quotation omitted). This includes every allegation against Bayview that predates the 2019 foreclosure judgment in state court. (*See generally* Compl. at 3–4.) Specifically, Plaintiff alleges that Bayview forged the assignment of his mortgage to Chase in February 2009 (*id.* at 4), forged the assignment of the mortgage to Bayview in February 2014 (*id.*),[6] and fabricated the 2016 "HAM agreement" (*id.*).

---

[6] Plaintiff also alleges the existence of an "affidavit of Lost Note of 2/12/2014 fabricated by Chase." (Compl. at 4.) It is unclear to the Court whether this allegation involves any purported fabrication by Defendant Bayview, or only by Chase, who is not a party to this action.

Not only *could* Plaintiff have raised these issues in the state court proceedings almost a decade ago, he *did* bring many of these same allegations in this District in 2019, and the Third Circuit upheld the dismissal of his claims on entire controversy grounds. *See Farzan v. J.P. Morgan Chase Bank N.A.*, No. 19-5156, 2019 WL 6339847, at *3 (D.N.J. Nov. 27, 2019), *aff'd*, 2022 WL 17336211 (per curiam).

Only one of Plaintiff's allegations against Bayview falls outside of the barred time period: the claim that Bayview filed a "false" proof of claim in the Bankruptcy Court on March 5, 2020. (*Id.*) As it is alleged to have occurred three years *after* the foreclosure judgment, it is not on its face precluded based on the foreclosure judgment. Nonetheless, as the Third Circuit aptly put it earlier this year, "Farzan's arguments regarding Bayview's proof of claim seek to relitigate the same issue he has brought in several different iterations, which the state court already heard and decided when it granted summary judgment to Bayview in its foreclosure action." *In re Farzan*, 2025 WL 100798, at *2. The Third Circuit concluded that a claim based on the bankruptcy proof of claim, which is effectively a repackaged attack on the state foreclosure judgment, was barred by *res judicata* or the entire controversy doctrine. *Id.* The Court adopts this same conclusion.

### 2. Rule 8

Plaintiffs' remaining allegations, while closely linked to the foreclosure judgment entered by the state court in 2019, *post-date* that judgment and accordingly are not barred by the entire controversy doctrine. *See Dimitrakopoulos*, 203 A.3d at 138 (holding that the entire controversy doctrine does not "apply to unknown or unaccrued claims" (quotation omitted)). Nonetheless, the Court *sua sponte* dismisses the remainder of Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 8.

Rule 8 requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment must be 'simple, concise, and direct.'" *Washington v. Warden SCI-Greene*, 608 F. App'x 49, 52 (3d Cir. 2015) (quoting Fed. R. Civ. P. 8(d)(1)). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8." *Prelle v. United States*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). A court may, *sua sponte*, dismiss a complaint for failure to comply with Rule 8. *Tucker v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 645 F. App'x 136, 137 (3d Cir. 2016) (per curiam). Such dismissal is appropriate when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Here, Plaintiff's Complaint sets forth four allegations against the Law Firm Defendants: three allegations against Fein and one against Friedman. (Compl. at 5.) The claims against Fein are based on action it took as counsel for Bayview and Nationstar in the Bankruptcy Court and its alleged nonresponse to an April 2024 "FDCPA Cease and Desist letter" sent by Plaintiff. (*Id.*) As to Friedman, the only allegation is that it represented U.S. Bank and NewRez in the Bankruptcy Court and the District Court. (*Id.*) The allegations against the law firm defendants do not pass muster under Rule 8 because they do not sufficiently explain why the actions taken in the

Bankruptcy Court by the law firm defendants on behalf of their clients are anything other than ordinary and routine client advocacy. *See Lhret Reading, L.P. v. Keystone Oncology Assocs., P.C.*, No. 14-6169, 2015 WL 3833856, at *4 (E.D. Pa. June 22, 2015) (indicating that a "law firm acting merely in a normal representative capacity" is not actionable); *Shui v. Wang*, No. 23-2620, 2023 WL 8520778, at *7 (D.N.J. Dec. 8, 2023) (similar). The allegations also do not specify what "motions to dismiss" or "adversary proceedings" they are referring to. (*See* Compl. at 5.) Finally, the Complaint does not explain how ignoring a FDCPA cease and desist letter from a litigant (as opposed a court-ordered injunction) can form the basis for a cause of action under the FDCPA. (*See id.*)

The claims against Nationstar, U.S. Bank, and NewRez fare similarly. As to Nationstar, the allegations begin to arise when it acquired Plaintiff's debt in June 2022. (*Id.* at 4.) The FDCPA claim against Nationstar is premised on actions it took in the Bankruptcy Court including filing a "false" proof of claims and objecting to a Chapter 13 plan. (*Id.*)

As to U.S. Bank and NewRez, the purported current loan holder and servicer, respectively, Plaintiff alleges they violated the FDCPA through various correspondences and interactions with him. (Compl. at 5.) Among other things, Plaintiff alleges that U.S. Bank and NewRez "[i]gnored Qualified Written Requests" sent by Plaintiff, which requested "proof" of ownership over his debt. (*See id.*; ECF No. 1-36.) Farzan also avers that NewRez sent monthly mortgage statements "without validation" and "[t]hreatened" him with "insurance-related letters." (Compl. at 5.)

None of these allegations purport to connect any incident or event to the violation of any specific provision of the FDCPA.[7] Though Plaintiff avers in a conclusory manner that defendants

---

[7] The closest Plaintiff gets to a coherent FDCPA claim is his allegation that various defendants failed to respond to his requests for validation, though these allegations are quite vague. (*See* Compl. at 4–5.) While Plaintiff might attempt a claim under 15 U.S.C. § 1692g, any citation to that provision is conspicuously

filed false or forged document (as he has alleged, to no avail, for years) (*see, e.g.*, Compl. at 4–5), the Complaint fails to explain his basis to believe that such documents were forged. As another example, Plaintiff asserts NewRez "[t]hreatened" him with "insurance-related letters," (*id.* at 5), and appends to the Complaint a two-paged letter that bears no relationship to any debt collection attempt. (*See* ECF No. 1-5 (letter from NewRez requesting Plaintiff provide hazard insurance information for his property).) Plaintiff alleges that U.S. Bank improperly "tried to collect on a defaulted debt," and cites to a letter from U.S. Bank merely explaining to Plaintiff that they are the improper party to address his questions or concerns. (*See* Compl. at 5 (citing ECF No. 1-37 ("While 'U.S. Bank as Trustee' may be identified as the nominal mortgage owner . . . we have no authority to responsibility to review and/or approve or disapprove of these decisions and actions."))).

Furthermore, throughout Plaintiff's Complaint, he refers to many defendants together, often simply as "defendants" without delineating what unlawful conduct any particular defendant engaged in, leaving defendants "unable to discern which allegations apply to any of them individually." *Palmer v. United States*, No. 21-11721, 2022 WL 310208, at *6 (D.N.J. Feb. 1, 2022). This is quintessential group pleading, which is prohibited. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012)).

Accordingly, for the foregoing reasons,[8] Plaintiff's Complaint is **DISMISSED.**

---

absent from the pleading. *See Hopkins v. Advanced Call Ctr. Techs., LLC*, No. 20-6733, 2021 WL 1291736, at *2 (D.N.J. Apr. 7, 2021) (requiring a plaintiff to show that "the defendant has violated a [particular] provision of the FDCPA" (alteration in original) (quoting *Barbato v. Greystone All., LLC*, 916 F.3d 260, 265 (3d Cir. 2019))).

[8] There may be a litany of other bases to dismiss Plaintiff's Complaint, including statutes of limitations or failures to state a claim, which the Court does not raise *sua sponte* here.

**B.    REMOVAL**

On August 8, 2025, Plaintiff filed a "Letter to the Court containing removal filings." (ECF No. 47.) In essence, Plaintiff attempts not only to remove a state case that was initiated on May 12, 2016 into federal court generally, but to specifically remove the state case *into* the present pending federal action. (*See id.* at 4, 9.) This is procedurally improper for a myriad of reasons, only a few of which the Court discusses herein.

*First*, the federal statute requires removal to be sought within thirty days of service of the initial pleading or summons. *McLaren v. UPS Store Inc*, 32 F.4th 232, 236 (3d Cir. 2022) (citing 28 U.S.C. § 1446). Here, the initial pleading was filed nearly a decade ago, and the time to properly remove has accordingly long since passed. *Second*, a case may not be removed from a state court to a federal court after the state court enters a final judgment. *Carson Concrete Corp. v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforced Iron Workers, AFL-CIO, Loc. Union 405*, No. 21-2789, 2021 WL 5507711, at *3 (E.D. Pa. Nov. 24, 2021) (citing *Mestice v. McShea*, 201 F.2d 363 (3d Cir. 1953)). As referenced repeatedly herein, final judgment was entered in the state case in 2019. (*See* Compl. at 4); *see also In re Farzan*, 2025 WL 100798, at *2 (referring to "the entry of the 2019 foreclosure judgment against" Plaintiff).

*Third*, "[a]n existing federal action cannot provide a mechanism for removal of a nonremovable state action." *Active Disposal Serv., Inc. v. Cnty. of Somerset*, No. 07-3210, 2009 WL 78149, at *2 (D.N.J. Jan. 9, 2009); *see also Ditullio v. Universal Underwriters Ins. Co.*, No. 03-239, 2003 WL 21973324, at *5 (E.D. Pa. June 6, 2003) ("State law claims may not be removed to federal court solely because there is a federal case that arises out of a common nucleus of operative fact with the state case.") *Fourth* and finally, the "narrow" circumstances for removal under Section 1443(1), which Plaintiff invokes as the basis for his removal, are not met here.

16

*Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362, at *2 (3d Cir. July 31, 2024); *see* 28 U.S.C. § 1443 (allowing removal in "civil rights cases"). Plaintiff makes no averments that any civil rights were denied and thus cannot satisfy § 1443. *See Smith*, 2024 WL 3594362, at *2. Therefore, Plaintiff's request to remove his state court[9] foreclosure case is **DENIED**.[10]

### C.   MOTION TO STRIKE

On July 29, 2025, Plaintiff filed a "Motion to Strike" the appearances of Friedman and Fein accusing them of being business entities "improperly" appearing *pro se* because they are represented by lawyers within their respective firms. (*See generally* ECF No. 42.) Indeed, business entities cannot appear *pro se* and must appear through counsel. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202–03 (1993) (collecting cases). However, a law firm party does not run afoul of this rule when it is represented by one of its attorneys, as is the case here. *See, e.g., Saito v. Lewis*, No. 23-266, 2023 WL 4052268, at *2 (M.D. Fla. June 16, 2023) (denying motion to strike appearance of attorney appearing on behalf of defendant law firm where he is employed); *Espinoza v. Mroczeck*, No. 23-228, 2024 WL 201104, at *4 (E.D. Cal. Jan. 17, 2024) (rule that corporations and unincorporated associations cannot appear in court *pro se*, "does not bar an attorney from representing his or her law firm in a federal action"), *report and recommendation adopted*, 2024 WL 689544 (E.D. Cal. Feb. 20, 2024); *see also In re Sticky's Holdings LLC*, No.

---

[9] Although remand—not denial—is the appropriate remedy for an improper removal, *see* 28 U.S.C. § 1447, Plaintiff has not removed his case to federal court, despite his claimed belief that he has. Plaintiff has merely filed a letter with the contents of the state court action attached. (ECF No. 47.) The case is still active and pending in state court, and therefore there is no action for this Court to remand.

[10] Relying on the purported removal of his state case to this Court, Plaintiff also seeks to vacate the appearance of Bayview's counsel in the state court action. (*See* ECF No. 61.) Notwithstanding the many reasons the Court cannot vacate the appearance of counsel in a case before another judge in another court, Plaintiff's request (ECF No. 61) is **DENIED** because the state case cannot be—and has not been—removed. Defendant Friedman's Motion for an Extension of Time to File a Response (ECF No. 62) is **DENIED** as moot.

24-10856, 2025 WL 1571906, at *12 n.109 (Bankr. D. Del. June 3, 2025) ("A law firm that hires its own attorneys as counsel to represent the firm is distinguishable from the proposition that a law firm may appear pro se and without any counsel."). Accordingly, because the law firm defendants are properly represented, Plaintiff's Motion to Strike (ECF No. 42) is **DENIED**.[11]

### D.    EMERGENCY RELIEF

On August 6, 2025, Farzan filed a Motion for Temporary Restraining Order ("TRO") and a Preliminary Injunction ("PI") seeking to stave off the sheriff's sale of his foreclosed property scheduled for September 29, 2025—some six years after the judgment of foreclosure was entered. (ECF No. 43 at 6, 56.)

Granting a temporary restraining order or a preliminary injunction under Rule 65 is limited to "extraordinary" circumstances. *See Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 198 (3d Cir. 2024). A plaintiff is entitled to a preliminary injunction if he demonstrates that "(1) he is likely to succeed on the merits, (2) he will suffer irreparable harm without preliminary relief, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest." *Veterans Guardian VA Claim Consulting LLC v. Platkin*, 133 F.4th 213, 218 (3d Cir. 2025) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)).

The movant bears the burden of showing his entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014). The first two factors are "gateway factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). If both gateway factors are met "the court then considers the remaining two factors and determines in its sound

---

[11] After Plaintiff filed a reply to Freidman's opposition that purportedly "improperly raise[d] new allegations," Friedman filed a Motion to Strike. (ECF No. 58 at 2.) Because Plaintiff's own Motion to Strike is denied, Friedman's Motion to Strike (ECF No. 58) is **DENIED** as moot.

discretion of all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.*

Importantly, the injuries claimed in a motion for preliminary injunction, must bear "a relationship . . . [to] the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks and citation omitted). As such, a request for injunctive relief is "legally deficient" when it is "targeted at potential conduct that bears no relation to [plaintiff's] underlying claim." *Martin v. Keitel*, 205 F. App'x 925, 928–29 (3d Cir. 2006). Further, a court has no power to issue a preliminary injunction against a non-party. *See Sczesny v. New Jersey*, No. 22-2314, 2022 WL 2047135, at *16 (D.N.J. June 7, 2022) (citing Fed. R. Civ. P. 65(d)(2)(A)).

As the Third Circuit, the District of New Jersey, and the Bankruptcy Court have already stated plainly: Farzan cannot further challenge the state court's 2019 foreclosure judgment or the sheriff's sale relating to it. *See, e.g.*, *In re Farzan*, 2025 WL 100798, at *2. Without question, Plaintiff's challenge to his foreclosure proceeding is itself foreclosed by the entire controversy doctrine, and therefore Plaintiff cannot succeed on the merits. *See id.* Moreover, by seeking emergency injunctive relief for the sole purpose of halting the sale of his foreclosed home, Farzan contradicts prior representation that this matter is "independent of any prior foreclosure judgment." (ECF No. 31 at 6.)

Even assuming *arguendo* that Plaintiff's Motion were not moot,[12] he has not sufficiently

---

[12] The Court is not required to decide Plaintiff's Motion because the Complaint itself is dismissed, barring any related emergency relief. *See Rodriquez v. 32nd Legis. of V.I.*, 859 F.3d 199, 207 (3d Cir. 2017) ("[A] preliminary injunction cannot survive the dismissal of a complaint." (quotations omitted)). Moreover, notwithstanding the chorus of federal and state trial and appellate courts that have ruled against him in unison over the last nine years, Plaintiff has somehow managed to obtain yet another postponement of the sheriff's sale, most recently scheduled for September 29, 2025. (*See* ECF No. 61 at 4.) However, because

argued the "extraordinary remedy" of emergency injunctive relief is warranted here. *See Veterans Guardian VA Claim Consulting LLC*, 133 F.4th at 218 (quotations omitted). Plaintiff fails to show he has a likelihood of success on the merits. To meet this first prong, a movant "need[] only to show a likelihood of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (emphasis omitted). The movant's showing must be "significantly better than negligible but not necessarily more likely than not" that it will ultimately prevail. *Reilly*, 858 F.3d at 179.

Plaintiff's Complaint only brings claims pursuant to the FDCPA, and seeks only damages, not injunctive relief. (*See* Compl. at 6, 7.) Even if Plaintiff *wanted* injunctive relief pursuant to his FDCPA claim, that relief is unavailable by statute. *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("Most courts have found equitable relief unavailable under [the FDCPA], at least with respect to private actions"), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also Franklin v. GMAC Mortg.*, 523 F. App'x 172, 173 (3d Cir. 2013).

Moreover, "because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of an underlying claim[] on the merits, the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, No. 14-1951, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017) (citing *Ball*, 396 F. App'x at 837). Here, the requested injunctive relief does not "relate to the conduct alleged," in the Complaint since Plaintiff has reiterated multiple times that "the FDCPA claims in this case are . . . independent of any prior foreclosure judgment" (ECF No. 31 at 6), and that he "does not seek to overturn the foreclosure judgment" (ECF No. 38 at 6).

---

the Court has not confirmed the cancellation of the sale, and Plaintiff has not withdrawn his Motion for injunctive relief, the Court proceeds to deny the Motion.

Additionally, the preliminary relief sought, *i.e.*, an injunction of the sheriff's sale, does not relate to the permanent relief sought, *i.e.*, damages.

Furthermore, even if injunctive relief *were* theoretically available, this Court lacks the ability to halt the sheriff's sale, per Plaintiff's request. The Anti-Injunction Act "prohibits most federal court injunctions staying state court proceedings." *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 314 F.3d 99, 103 (3d Cir. 2002). There are three exceptions to the Anti-Injunction Act, which are to be construed narrowly; injunctions are permitted "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002) (quoting 28 U.S.C. § 2283). However, numerous courts in this Circuit have found that a sheriff's sale does not fall under any of these exceptions. *See, e.g., Keller v. Wright*, No. 22-1921, 2023 WL 4356076, at *4 (M.D. Pa. May 16, 2023), *report and recommendation adopted*, 2023 WL 4353701 (M.D. Pa. July 5, 2023); *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (collecting cases) ("The Anti-Injunction Act prohibits a federal court from enjoining the sheriff's sale."); *Coppedge v. Conway*, No. 14-1477, 2015 WL 168839, at *2 (D. Del. Jan. 12, 2015); *Mason v. Bank of Am., N.A.*, No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 10, 2013). There is no reason to deviate from those decisions here.[13] The Court finds no reason in fact or law to enjoin the September 29, 2025 Sheriff's Sale, and the Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 43) is **DENIED.**

---

[13] The Third Circuit, in a recent decision, affirmed a district court's decision declining to enjoin a sheriff's sale despite indicating that it was "somewhat skeptical of a *categorical* rule" that state court foreclosure proceedings do not fall within one of the Anti-Injunction Act's exceptions. *Norton v. Adams*, No. 25-2361, 2025 WL 2231797, at *3 (3d Cir. Aug. 1, 2025) (per curiam) (emphasis in original). While there may not be a categorical rule, the Court finds that none of the exceptions to the Anti-Injunction Act apply here.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is **DISMISSED**; Plaintiff's Motion to Strike (ECF No. 42) is **DENIED**; Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 43) is **DENIED**; Defendant Friedman's Motion to Strike (ECF No. 58) is **DENIED** as moot; Plaintiff's Motion to Strike (ECF No. 61) is **DENIED**; and Friedman's Motion for Extension of Time to File a Response (ECF No. 62) is **DENIED** as moot. An appropriate Order accompanies this Opinion.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated:</u> September 15, 2025